RENDERED:  FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1114-MR

TRACY CHERRY                                                          APPELLANT


                    APPEAL FROM JEFFERSON CIRCUIT COURT
v.                  HONORABLE LORI N. GOODWIN, JUDGE
                    ACTION NO. 15-CI-501034


WILLIE HARRIS                                                          APPELLEE


                              OPINION
                    REVERSING AND REMANDING

                         ** ** ** ** **

BEFORE:  ECKERLE, GOODWINE, AND JONES, JUDGES.

JONES, JUDGE:  The Appellant, Tracy Cherry, brings this appeal following entry

of an order issued by the family court division of the Jefferson Circuit Court

("family court").  The order specified that the Appellee, Willie Harris, and Cherry

could each claim the parties' minor child as a dependent on his/her federal income

tax returns every other year on a rotating basis.  On appeal, Cherry asserts the

family court's order is erroneous as a matter of law because Harris does not have

timesharing with the child at least 51% of the time.[1]  Following review of the

record and all applicable law, we reverse and remand.

## I. BACKGROUND

Cherry and Harris, who were married in June 2011, are the parents of

a minor child born in 2009.  At the time of their divorce in 2015, the parties agreed

that Harris would not have to pay child support so long as he paid for one-half of

the child's extracurricular activities.  The parties further agreed that Cherry could

claim the child as a dependent on her federal income tax returns "[s]o long as there

[was] no child support and [Cherry] continue[d] to provide medical insurance for

the child[.]"  These agreements, among others, were memorialized in a mediated

order entered by the family court on June 16, 2015.

Disagreements arose within a short period of time, when Harris

refused to make payments Cherry demanded for the child's activities.  As a result,

Cherry petitioned the family court for an order establishing Harris's child support

obligation.  *Cherry v. Harris*, No. 2017-CA-000221-ME, 2018 WL 565821, at *1

(Ky. App. Jan. 26, 2018).  Ultimately, the family court ordered Harris to pay $200

---

[1] Harris did not file an appellee brief.  Pursuant to the Kentucky Rules of Appellate Procedure (RAP) 31(H)(3), if the appellee's brief has not been filed within the time allowed, the Court may: "(a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case."  For the purposes of this appeal, we elect to accept Cherry's statement of the facts and issues as correct, to the extent consistent with the record before us.

in child support to Cherry each month. *Id.* Harris's support obligation was increased from $200 to $220 per month, effective January 1, 2017.[2]

On March 16, 2021, Cherry moved the family court to modify child support according to the Kentucky Child Support Guidelines. In support of her motion, Cherry asserted she had changed employment resulting in a substantial and continuing reduction of her income. KRS[3] 403.213. The family court held a hearing on Cherry's motion on June 25, 2021. During the hearing, Harris made an oral motion for the family court to also consider whether on alternating years he should be permitted to claim the child as a dependent on his federal income tax returns. In support of his oral motion, Harris relied on the fact that he had timesharing with the child approximately forty percent of the time and that he was now paying child support, something the parties had not contemplated when they originally agreed that Cherry could claim the child on her taxes.[4]

---

[2] Cherry appealed to this Court arguing that the family court erred by ordering substantially less child support than required by the child support guidelines in effect at the time. *Id.* Although we found no abuse of discretion in the trial court's decision to deviate from the guidelines, we remanded for additional written findings as to why the application of the guidelines would be unjust or inappropriate. *Id.* at *2.

[3] Kentucky Revised Statutes.

[4] We briefly mention Cherry has repeatedly brought up the idea that Harris's motion was not properly before the family court because Harris raised the issue orally without first having filed a written motion. While it is certainly better practice to raise one's issues through written motions, we cannot conclude that the family court abused its discretion by considering the issue. The parties were clearly apprised of the issue and provided with an opportunity to be heard on it prior to a ruling. The family court has the inherent power "to control the disposition of the causes on

-3-

Cherry objected to Harris being allowed to claim the child as a dependent under the current timesharing schedule because Harris only had timesharing forty percent of the time. Cherry noted that the Internal Revenue Service's ("IRS") regulations and guidelines require that the child must live with the parent for more than half of the year before the parent can claim the child as a dependent.

By order entered August 11, 2021, the family court granted Cherry's motion to modify child support ordering Harris to pay child support in the amount of $409.00 per month. The family court also ordered that the parties shall claim the child on their taxes on alternating years.

This appeal followed.

## II. ANALYSIS

"Giving a party the tax exemption is simply a property award, not directly a matter of setting support, since it affects the amount of money the parent enjoying the exemption takes home." *Adams-Smyrichinsky v. Smyrichinsky*, 467 S.W.3d 767, 781 (Ky. 2015). Whether a party is entitled to the exemption is primarily a matter of federal law; however, as discussed in greater detail below, in

its docket with economy of time and effort for itself, for counsel, and for litigants." *Rehm v. Clayton*, 132 S.W.3d 864, 869 (Ky. 2004) (citation omitted).

certain situations, the family court may order the parties to execute a waiver allowing one or the other to claim the child on his or her taxes. *Id.* at 781-82.

"A taxpayer may claim a dependency deduction for a child . . . only if the child is the qualifying child of the taxpayer[.]" 26 C.F.R.[5] § 1.152-4. To be a qualifying child of the taxpayer, the child must have "the same principal place of abode as the taxpayer for more than one-half of such taxable year[.]" 26 U.S.C.[6] § 152(c)(1)(B).[7] "A child is in the custody of one or both parents for more than one-

---

[5] Code of Federal Regulations.

[6] United States Code.

[7] The relevant statutory provisions provide:

> (A) a child receives over one-half of the child's support during the calendar year from the child's parents--
>
>> (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
>>
>> (ii) who are separated under a written separation agreement, or
>>
>> (iii) who live apart at all times during the last 6 months of the calendar year, and--
>
> (B) such child is in the custody of 1 or both of the child's parents for more than one-half of the calendar year, such child shall be treated as being the qualifying child or qualifying relative of the noncustodial parent for a calendar year if the requirements described in paragraph (2) or (3) are met.
>
> (2) Exception where custodial parent releases claim to exemption for the year.-- For purposes of paragraph (1), the requirements described in this paragraph are met with respect to any calendar year if--
>
>> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial

half of the calendar year if one or both parents have the right under state law to physical custody of the child for more than one-half of the calendar year." 26 C.F.R. § 1.152-4.

Thus, the first determination is whether the child was in the custody of either Cherry or Harris for more than one-half of the calendar year. The timesharing order in place provided Cherry with 60% timesharing and Harris with 40%. According to the family court, "[Harris] testified that he sees the child from Friday to Sunday one weekend, and then Saturday to Monday on alternating weekends" with Cherry having the child the remainder of the time. In other words, taking Harris's testimony as correct, at most he has the child three out of seven

---

parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

 . . . .

(4) Custodial parent and noncustodial parent.--For purposes of this subsection--

(A) Custodial parent.--The term "custodial parent" means the parent having custody for the greater portion of the calendar year.

(B) Noncustodial parent.--The term "noncustodial parent" means the parent who is not the custodial parent.

26 U.S.C. § 152(e).

days a week or approximately 42% of the time.[8] The child resides with Cherry the other 58% of the time. Accordingly, under the federal statutes and regulations, the child is Cherry's qualifying child, not Harris's.

However, the IRS regulations provide that the non-custodial parent may claim the child if:

> (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
>
> (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

26 U.S.C. § 152(e)(2). The custodial parent can be ordered to execute the exemption "under threat of contempt from a state court that has assigned the exemption to the noncustodial parent." *Adams-Smyrichinsky*, 467 S.W.3d at 782.

Thus, the practical effect of the family court's order in this case is an order compelling Cherry, the custodial parent for the purposes of the IRS Code, to execute a waiver in Harris's favor every other year. In *Adams-Smyrichinsky*, our Supreme Court held that such orders require "the state trial court to meet the heavy burden of stating sound reasons [on the record] that this award actually serves as a

---

[8] Cherry disputed that Harris actually exercised all his timesharing and the family court noted that it was unable to discern which party was correct in their restatement of the parenting schedule.

support issue benefitting the child." *Id.* at 784. "[I]f the court cannot articulate a sound reason for why awarding the exemption to the noncustodial parent actually benefits the child, and thus affects the child's support, then it is not making a support award in the first instance, and it simply should not be done." *Id.*

The Court explained:

> Discretion, even in determining equity, or best interests, must have a reasonable and meaningful basis if we are not to undermine the integrity of judicial decisions and thereby erode public faith in the judiciary. To that end, ***a state court must do more than simply look to which parent has the highest income, or simply divide the exemptions, or simply alternate years***. There is no *judgment* in such an award, and no true finding of how it is in a child's best interest, or how the extra money saved from taxes in one parent's household actually benefits the child.
>
> . . . Otherwise, this is simply arbitrary action.

*Id.* at 784 (emphasis added).

While the parties in this case originally agreed that Cherry could claim the child as a dependent, their agreement was predicated on Harris not paying child support. Since entry of the mediated order, Harris has been ordered to pay child support eviscerating their prior agreement and bringing this case directly within the parameters of *Adams-Smyrichinsky*. The family court ultimately ended up awarding the deduction to both parties because it could not "discern which party was correct in their restatement of their parenting schedule." As stated above,

-8-

however, even if the exact percentage of time could not actually be determined by the family court, based on Harris's testimony alone, it is clear that Harris, at most, has physical custody of the child only 42% of the time with Cherry having physical custody the remaining 58% qualifying her for the deduction.

It appears from the record that Cherry qualified for the tax deduction, not Harris. The family court's order that the parties alternate years "is not the IRS rule, which instead focuses on which parent ha[s] the child for a majority of the year[.]" *Adams-Smyrichinsky*, 467 S.W.3d at 784. "The trial court cannot award the exemption like a piece of property and thereby bind third parties, like the IRS, by its orders; the court can only order the 'custodial parent' to sign a waiver in favor of the noneligible party *for a stated, sound reason reliably related to the support of the child*." *Id.* at 784-85 (emphasis added). "Because the [family] court did not state a reasonable nexus to support assigning the exemption[] to [Harris for the alternating years], the [Jefferson] Family Court abused its discretion." *Id.* at 784.

### III. CONCLUSION

Accordingly, for the foregoing reasons, the order of the Jefferson Family Court awarding the dependent-child tax deduction to the parties on alternating years is reversed, and this matter is remanded to the family court for entry of any and all appropriate orders.

ALL CONCUR.


BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Robert Louis Fleck
Louisville, Kentucky